UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRYAN CHAMPION, RONNIE DANAGE, JOHN ENGELKE, CURTIS GREEN, MAX MURPHY, DAVID THOMPSON, DONALD R. GARRETT, GUILLERMO MEDRANO, and JASON MICHAEL ZUBEK, Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ADT SECURITY SERVICES, INC.,<br><br>*Defendant*. | § § § § § § § § § § § § § § § § § § § <br><br>NO. 2:08-CV-417-TJW |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs' motion for attorney's fees and Plaintiffs' motion for costs. (Dkt. Nos. 51, 52.) ADT Security Services, Inc. (hereinafter "ADT" or "Defendant") disputes Plaintiffs' motions and argues Plaintiffs' should recover no fees or costs. For the following reasons, the Court hereby GRANTS-in-part Plaintiffs' motions and holds that Plaintiffs should recover $163,497.80 in attorney's fees and $8,163.12 in costs.

### **I. BACKGROUND**

Defendant ADT is an alarm company that specializes in installing and monitoring alarm systems. Plaintiffs were workers with ADT. Plaintiffs were assigned a company work vehicle that they drove to the office everyday to pick up the alarm equipment that would be installed throughout the day. Plaintiffs claim that they were required to work beyond 40 hours each week and were not being paid overtime. Further, Plaintiffs claim that their employers or supervisors told them not to record any time worked above 40 hours. Eventually, on April 23, 2008,

1

Plaintiffs claim ADT issued a memo informing Plaintiffs they were going to start being paid overtime and to record their time. Thereafter, Plaintiffs claim ADT paid them nominal payments in an attempt to reimburse them for their overtime during the previous year. Plaintiffs brought this suit claiming a violation of the Fair Labor Standards Act (FLSA) and sought compensation of their work time above 40 hours.

Plaintiffs and Defendant eventually settled their lawsuit and on July 30, 2008 filed a notice with this Court of their settlement. (Dkt. No. 48.) The notice included a proposed order for this Court to issue, which this Court did issue, that approved the settlement. (Dkt. No. 50.) In the Court's Order approving the settlement, the Order stated "[t]he only remaining issue in this case is the amount of recoverable attorney's fees and court costs to be paid to Plaintiffs' counsel." (*Id.*) This Memorandum Opinion and Order addresses that issue because the parties have not been able to reach an agreement regarding attorney's fees and costs.

## II. LEGAL STANDARD

To determine whether attorney's fees should be awarded to a party in a lawsuit under the FLSA, the court engages in a three step process. First, the court determines whether the party is entitled to recover attorney's fees and costs. *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). The attorney's fee provision of the FLSA states that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Although the provision does not specifically mention a "prevailing party," the courts have construed the provision as requiring the party being awarded attorney's fees to be the prevailing party, similar to other fee-shifting jurisprudence. *Saizan*, 448 F.3d at 799 n.7.

Second, after determining a party is entitled to attorney's fees, the court must determine the amount of attorney's fees to be awarded. *See id.* at 799. To determine the amount, the court calculates the "lodestar" by multiplying the number of hours reasonably spent on the case by a reasonably hourly rate. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999).

Third, after determining the "lodestar," the court may adjust that number upward or downward based on a consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are: (1) the time a labor required to represent the client; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 117-19. But the lodestar may not be adjusted because of a *Johnson* factor if that factor was already subsumed in the lodestar. *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998).

Finally, the plaintiffs are also requesting litigation costs for this lawsuit. Under Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the court directs otherwise. *See Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006).

### III. DISCUSSION

#### A. Plaintiffs are Prevailing Parties and Entitled to Attorney's Fees

The Court concludes that Plaintiffs are prevailing parties, for the purposes of the fee-

shifting statute, and are thus entitled to attorney's fees. Under the FLSA, the court may award reasonable attorney's fees to the prevailing party. *Saizan*, 448 F.3d at 799. "A typical formulation is that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotes omitted); *see also Abner v. Kansas City S. Ry. Co.*, 541 F.3d 372, 379 (5th Cir. 2008). The Court holds that the plaintiffs are prevailing parties for these purposes because the plaintiffs succeeded in procuring a favorable settlement. ADT initially made payments for the owed overtime to seven of the named plaintiffs that totalled $11,324.48, and the settlement obtained for those seven plaintiffs totalled $48,500.00. (*See* P's Reply Br., Dkt. No. 57 at 13-14.) Thus, the plaintiffs have certainly "achiev[ed] some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. In the present case, however, Defendant ADT argues Plaintiffs are not prevailing parties for two reasons: (1) this case was resolved by settlement; and (2) the settlement agreement signed by the parties states that Plaintiffs shall not be deemed a prevailing party. For the following reasons, the Court disagrees with Defendant on both points and concludes that Plaintiffs are prevailing parties.

First, settlement does not preclude Plaintiffs from being considered prevailing parties. The Supreme Court has held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees. *Maher v. Gagne*, 448 U.S. 122, 129-30 (1980). "Although a consent decree does not always include an admission of liability by the defendant . . . it nonetheless is a court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon Bd. & Care Home, Inc. v. West Virg. Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001) (internal quotes omitted). In the present case, the Court

entered a consent decree in the Court's Order approving the settlement as a fair and reasonable compromise of the dispute under the FLSA. (Dkt. No. 50.) Therefore, the settlement does not limit Plaintiffs' ability to be prevailing parties.

Second, regarding the settlement agreement signed by both parties and submitted to this Court, the agreement states in one part:

> **No Admission of Liability.** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing as alleged in the Lawsuit. It is expressly understood by the Parties that [plaintiffs] shall not be deemed a "prevailing party" for any purpose, including any fee shifting statute, rule, or agreement.

(Plaintiff's Unopposed Motion to Approve FLSA Settlement, Settlement Agreement, Dkt. No. 48, Ex. 1, ¶ E.) Defendant argues this settlement agreement, which was signed by the parties and submitted to the Court, means the plaintiffs are not prevailing parties because the settlement agreement acknowledges that they are not prevailing parties. The Court disagrees.

As an initial matter, the settlement agreement is treated as a contract and will be interpreted under Texas law.[1] The Texas Supreme Court has recently explained the law:

> In construing [a contract], we first determine whether it is possible to enforce the contract as written, without resort to parol evidence. Deciding whether a contract is ambiguous is a question of law for the court. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). To achieve this objective, we must examine and consider

---

[1] When the settlement agreement arises out of federal law, as is the case here with the FLSA claims, then federal law governs the court's resolution of the issue with the settlement agreement. *See Rogers v. General Elec. Co.*, 781 F.2d 452, 454-55 (5th Cir. 1986); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1208-09 (5th Cir. 1981). Therefore, it initially appears that federal law governs how the settlement agreement should be interpreted. In this instance, however, the settlement agreement contains a choice of law clause that states Texas law will govern. (Plaintiff's Unopposed Motion to Approve FLSA Settlement, Settlement Agreement, Dkt. No. 48, Ex. 1, ¶ E.) Federal choice of law rules dictate that federal courts should honor the parties' choice of law clause unless the state has no substantial relationship to the parties or the transaction or the state's law conflicts with the fundamental purposes of the federal law. *See Stoot v. Fluor Drilling Services, Inc.*, 851 F.2d 1514, 1517 (applying the federal choice of law rule in the context of maritime law). Therefore, the Court will apply Texas law for interpreting the settlement agreement.

5

the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 158 (1951). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Mgmt. Corp.*, 361 S.W.2d 193, 196 (Tex. 1962); *Citizens Nat'l Bank v. Tex. & P. Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003, 1006 (1941). A contract is unambiguous if it can be given a definite or certain legal meaning. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). On the other hand, if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent. *Id.*

*J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). Further, under Texas law, "[c]ourts interpreting unambiguous contracts are confined to the four corners of the document, and cannot look to extrinsic evidence to create an ambiguity." *Texas v. Am. Tobacco Co.*, 463 F.3d 399, 407 (5th Cir. 2006). Parol evidence may only be used if the contract is first found to be ambiguous. *Id.*

Keeping these principles in mind, the Court concludes that the contract is unambiguous[2] and the plaintiffs are entitled to attorney's fees, or in other words, the settlement agreement does not prevent the plaintiffs from being considered prevailing parties. The Court recognizes that the settlement agreement states that the plaintiffs "shall not be deemed a 'prevailing party' for any purpose, including any fee shifting statute, rule, or agreement." (Plaintiff's Unopposed Motion to Approve FLSA Settlement, Settlement Agreement, Dkt. No. 48, Ex. 1, ¶ E.) But the agreement also states:

---

[2] Alternatively, if the contract was found to be ambiguous and parol evidence or other extrinsic evidence is considered, that evidence would further support the Court's conclusion that the plaintiffs are entitled to attorney's fees. The plaintiffs produce emails that consist of correspondence between Plaintiffs' and Defendant's counsel showing that the parties clearly understood that the settlement agreement was resolving only the issue of damages and not the issue of attorney's fees and costs. (*See* Email by Mr. Pace, attached as Ex. C to P's Reply Br., Dkt. No. 57.) Further, the Court's Order approving the settlement, which was a joint order proposed by the parties, states that "[t]he parties have not reached an agreement regarding the payment of attorney's fees or court costs. Nothing herein shall impact, impair, diminish, waive, release or bar the Plaintiff's right to seek and recover attorney's fees and recoverable court costs or Defendant's right to oppose Plaintiff's motion for fees and costs." (Order Approving Settlement, Dkt. No. 50.)

> The parties have made no agreement regarding the payment of Champion's attorney fees, court costs and a portion of the mediation fees, beyond that provided for in Paragraph A above. Champion's counsel intends to apply to the Court for an award of attorney's fees, and ADT reserves the right to contest this application.

(Plaintiff's Unopposed Motion to Approve FLSA Settlement, Settlement Agreement, Dkt. No. 48, Ex. 1, ¶ B.) The Court concludes the contract is unambiguous when considering only the four corners of the document and attempting to "harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless."[3] The parties agreed that there was "no agreement regarding the payment of [Plaintiffs'] attorney fees." (Plaintiff's Unopposed Motion to Approve FLSA Settlement, Settlement Agreement, Dkt. No. 48, Ex. 1, ¶ B.) But on the other hand, the parties agreed that the plaintiffs shall not be "deemed" a prevailing party. (*Id.* at ¶ E.) In harmonizing these statements together, the Court concludes that when the agreement states that the plaintiffs shall not be "deemed" a prevailing party, the parties were agreeing that whether the plaintiffs are a prevailing party is to be determined by the Court. In other words, the parties were not deeming the plaintiffs as a prevailing party. Further, the specific language stating the plaintiffs "shall not be deemed a 'prevailing party'" is located in the section of the agreement titled "No Admission of Liability," which confirms the parties' intention was merely to not admit the plaintiffs were the prevailing party. (*Id.*) Rather, the parties were confirming that "ADT reserves the right to contest this application" of awarding attorney's fees. (*Id.* at ¶ B.)

Therefore, the Court interprets the settlement agreement as unambiguously allowing the Court to determine whether the plaintiffs are the prevailing parties and entitled to attorney's fees. The Court concludes for the abovementioned reasons that the plaintiffs are prevailing parties for the purposes of the statute and are entitled to attorney's fees.

### B. Plaintiffs' Recoverable Attorney's Fees: the "Lodestar"

---

[3] *Webster*, 128 S.W.3d at 229.

After the court determines that a plaintiff is entitled to attorney's fees, it must calculate the appropriate amount to be awarded. *See Saizan*, 448 F.3d at 799. To determine the amount, the court calculates the "lodestar" by multiplying the number of hours reasonably spent on the case by a reasonably hourly rate. *Rutherford*, 197 F.3d at 192.

The court's first step is to determine the compensable hours listed in the attorney's time records. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The party seeking a fee award is charged with the burden of showing the reasonableness of the hours billed. *Saizan*, 448 F.3d at 799. Time charged for work that is "excessive, duplicative, or inadequately documented" should be disallowed. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Further, the burdened party must also show that billing judgment was exercised. *Saizan*, 448 F.3d at 799. Once the compensable time is determined, the court's second step is to select "an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F.2d at 319. Again, the party seeking fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

The following "lodestar" analysis proceeds by addressing each of the issues Defendant ADT raises with respect to Plaintiffs' calculation of its proposed attorney's fees. In Plaintiffs' motion for attorney's fees, Plaintiffs requested an award of attorney's fees of $211,180.50. (Pl. Mot., Dkt. No. 51 at 7.) After entertaining the parties' arguments and applying the applicable law, the Court calculates the "lodestar" amount below by adjusting Plaintiffs' requested hours and fees.

   *1.  Reducing Recoverable Hours for Unsuccessful Work*

Defendant argues the Court should reduce the recoverable hours of work by discounting Plaintiffs' time for its work on achieving conditional certification, and the Court agrees. Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998) (quoting *Hensley*, 461 U.S. at 436). In the present case, Plaintiffs' counsel spent numerous hours towards achieving conditional certification. After hearing oral argument, the Court issued an Order denying Plaintiff's Motion for Conditional Certification as a Collective Action. (Court's Order, Dkt. No. 36.) Thus, Plaintiffs were not successful—and not the prevailing party—on the issue of conditional certification. Therefore, the Court reduces the lodestar by not counting Plaintiffs' hours spent on achieving conditional certification.

2.  *Reducing Recoverable Hours for Lack of Billing Judgment*

Defendant argues the lodestar should be reduced because Plaintiffs have not exercised billing judgment, and the Court agrees. The burdened party must also show that billing judgment was exercised. *Saizan*, 448 F.3d at 799. "Billing judgment requires documentation of the hours charged and the hours written off as unproductive, excessive, or redundant." *Id.* If evidence of billing judgment is not submitted, a fee award should be reduced accordingly by a percentage intended to substitute for the exercise of billing judgment. *Id.* The Court agrees that billing judgment has not been exercised by the plaintiffs. Plaintiffs do not note a single minute that was written off as unproductive, excessive, or redundant. Therefore, the Court reduces the lodestar by reducing the fee award by five (5) percent. This reduction is calculated last after any reductions from other factors.

*3. Reducing Recoverable Hours for Inadequately Documented Time*

Defendant argues the Court should reduce the recoverable hours because the plaintiffs' counsel's time has been inadequately documented, but the Court disagrees. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "[T]ime entries such as, 'meeting to interview [name redacted],' are insufficient to show that the work performed was related to the case and that the time billed for such work was reasonable." (Def's Br., Dkt. No. 54 at 11 (citing *Lewallen v. City of Beaumont*, Civ. No. 1:05-cv-733-TH, 2009 WL 2175637, at *7 (E.D. Tex. July 20, 2009).) Although Defendant cites *Lewallen* for support, this case is not such an extreme situation as *Lewallen* where Plaintiffs had redacted names in the billing records so that it could not be shown that the work performed was related to the case. Instead, many of the billing entries identified by Defendant as inadequate actually identify the name of the client or other lawyer and describe whether it was a conference or telephone conference. (*See* Def's Table of Inadequately Documented Hours, Dkt. No. 54, Ex. B.) For example, one entry that Defendant claims is inadequately documented is an entry by Joshua on June, 6 2010 for 0.25 hours that states "Telephone conference with Thompson." The Court will not require more detail for a fifteen minute telephone call to a client. Further, Defendant only complains about a total of 28.38 hours, which is approximately four percent of the hours billed. The Court is already reducing the overall fee award by five percent for lack of billing judgment for not detailing any hours written off as unproductive, excessive, or redundant. Thus, the Court refuses to reduce the recoverable hours because the plaintiffs' counsel's time has been inadequately documented.

*4. Reducing Recoverable Hours for Billing for Clerical Work*

Defendant argues the Court should reduce the recoverable hours because the plaintiffs

have improperly billed for clerical work. "[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Paralegal fees can be recovered "only to the extent that the paralegal performs work traditionally done by an attorney." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). Likewise, when an attorney performs clerical work it is not recoverable at an attorney's rate. *See Johnson*, 488 F.2d at 717.

Defendant identifies 37.50 hours of billed time that Defendant argues should be discounted from the recoverable billable hours by the plaintiffs. (*See* Def's Table of Clerical Hours, Dkt. No. 54, Ex. C.) This constitutes approximately five percent of the total billable hours of which Plaintiffs seek recovery. Defendant, however, points out few tasks that are purely secretarial or clerical. The Court has reviewed in detail the hours submitted by Defendant as allegedly clerical. The Court finds that certain time entries are purely clerical, for example, a time entry on 1/30/09 by LEN for 0.20 hours that states "Telephone conference between all counselors regarding arranging a telephone conference next week." (*Id.*) On the other hand, most of the entries identified by Defendant are legal in nature, for example, a time entry by Lauren on 6/14/10 for five hours that states "Read and summarize deposition of Bryan Champion." (*Id.*) Preparing for trial by reading and summarizing a deposition is legal in nature.

Therefore, having carefully reviewed the challenged entries of Defendant, the Court determines that the following hours will be subtracted from the total amount submitted by Plaintiff: 0.5 hours billed by David, 0.25 hours billed by Jon, 0.20 hours billed by Brittany, and 1.75 hours billed by Len. Considering the hourly rates for each of these timekeepers,[4] the reduction in dollars is $377.00.

---

[4] In making the calculation for reduction for clerical time spent by David, the rate of $350.00, as discussed below, is used for David's 0.5 hours that are discounted.

### 5. Reducing Recoverable Hours for Overstaffing and Duplicative Billing

Defendant argues the Court should reduce the recoverable hours for overstaffing and duplicative billing, but the Court disagrees. When more than one attorney works on a case, the court may consider if the work by other attorneys was duplicative or unnecessary. *See Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 552 (5th Cir. 2987). Defendant argues that there were 16 timekeepers on this case, but only six of them were attorneys. Further, Defendant argues an attorney, Louis Vallejo, performed largely duplicative time and was unnecessary so the Court should strike that time. The Court concludes that having 16 timekeepers was reasonable in this case. Ten of these timekeepers were not even lawyers. Additionally, Plaintiffs sought to bring this lawsuit as a collective action, so having several attorneys on the case was reasonable because a collective action is a complex type of a civil action. Although Plaintiffs did not succeed in gaining conditional certification, the Court has already subtracted time for that, but it was nonetheless reasonable at the beginning to expect to have a larger staff of attorneys. Some of the work of attorney Louis Vallejo, which Defendants claim was unnecessary and duplicative, was related to the issue of class certification, and the Court has already discounted Plaintiffs' time spent on attempting to achieve conditional certification. Therefore, the Court concludes that no reduction is necessary for overstaffing and duplicative billing.

### 6. Reducing Recoverable Hours for Travel Time

Defendant also argues that the attorney's fees for travel time should be reduced to 50%, and the Court agrees. The appropriate hourly rate is generally established through affidavits of *other attorneys* practicing in the community. *Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002). Plaintiffs have not met their burden of showing that the general rule in the Fifth Circuit is to bill at the attorney's full hourly rate for travel. Plaintiffs have provided an affidavit

by one of its own attorneys, but Plaintiffs have provided no affidavits by other attorneys that are disinterested in this litigation. Meanwhile, Defendant has provided cases that stand for the proposition that it is the common practice within the Fifth Circuit to bill at a 50% reduced rate for travel. *See, e.g.*, *Lewallen*, 2009 WL 2175637, at *10 ("In the fee-shifting context, compensating travel time at 50% of actual time is a common practice within the Fifth Circuit"), *aff'd in part*, 2010 WL 3303756, at *7 (5th Cir. 2010) (affirming the district court's award of costs and fees but reversing and rendering on other grounds). Therefore, since Plaintiffs have not met their burden of showing the common practice in the area is to charge full rates for travel time and Defendant has provided contrary authority, the Court reduces Plaintiffs' attorney's fee award by 50% for travel time.

### 7. *Reducing Recoverable Hours Due to Quarter-Hour Billing*

Defendant argues that the recoverable attorney's fees should be reduced by 10% because Plaintiffs used quarter-hour billing and block billing, but the Court disagrees. "There is not a federal or local rule that requires any particular billing increments to be used when seeking an attorney's fee award." *Lewallen*, 2009 WL 2175637, at *10, *aff'd in part*, 2010 WL 3303756, at *7 (5th Cir. 2010) (affirming the district court's award of costs and fees but reversing and rendering on other grounds). Further, the Court has reviewed the list of billable hours supplied by Plaintiffs, and although there are a number of 0.25 hour entries, there are also at least as many 0.10 increment entries. Therefore, the Court refuses to reduce the recoverable attorney's fees due to a use of quarter-hour billing increments at times.

### 8. *Adjusting the Attorneys' Hourly Rates*

Defendant challenges the hourly rates by Plaintiffs' attorneys and the Court agrees the billing rates are too high. The appropriate hourly rate is generally established through affidavits

of *other attorneys* practicing in the community. *Tollett*, 285 F.3d at 368-69. In addition, the trial court may use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Commr's of Mobile County*, 526 F.2d 865, 868 (5th Cir. 1976). "Plaintiff must produce evidence showing that the hourly rates claimed in the fee application are in line with those charged in the Eastern District of Texas for similar services by lawyers of similar skill, experience and reputation." *Lewallen*, 2009 WL 2175637, at *10, *aff'd in part*, 2010 WL 3303756, at *7 (5th Cir. 2010) (affirming the district court's award of costs and fees but reversing and rendering on other grounds).

Plaintiffs have not produced sufficient evidence, as the party with the burden, showing the hourly rates they claim are reasonable. Plaintiffs have produced an affidavit by one of its own attorneys, but Plaintiffs have not produced affidavits of any other attorneys. The affidavit by Plaintiffs' counsel, by itself, is not enough to meet Plaintiffs' burden.

Defendant contests the rate of three attorneys: Michael Smith (local counsel, $500/hr), David Showalter (lead counsel, $410/hr), and Mark Wham ($375/hr). Defendant does not contest the rate of other attorneys or timekeepers, so "[b]ecause the rates are not contested, they are considered *prima facie* reasonable." *Lewallen*, 2009 WL 2175637, at *12. Defendant provides an affidavit by one of its attorney's, Ron Chapman, who regularly practices in the Eastern District of Texas, that states "[t]he current market rates for partner level labor and employment work in this community varies from about $250.00/hour to a high of about $450.00/hour for certain premium work." (Ron Chapman, Jr. Decl. at 3, Dkt. No. 54, Ex. 1.) Mr. Chapman, who is working as counsel for Defendant, charges $353/hr for his work. (*Id.*) Defendant states that the Court should award attorney's fees for Smith, Showalter, and Wham "no higher than a top rate of $350/hr." (Dkt. No. 54 at 15.) Further, other courts in the Eastern

14

District of Texas have awarded attorney's fees for employment disputes at a rate of $350/hr. *See Lewallen*, 2009 WL 2175637, at *13 ("[T]he Court finds that $350.00 is an appropriate hourly rate for the work performed in this case by Ms. Harris and Ms. Butler."). Therefore, the Court concludes the reasonable hourly rate for attorneys Smith, Showalter, and Wham is $350/hr.

### 9. *Calculating the Lodestar*

Based on Plaintiffs' table of billable hours on this case and the various reductions discussed by the Court above, the Court calculates the lodestar based on the table below.

| Lodestar Calculation | |
| --- | ---: |
| Plaintiffs' initial requested fees[5] | $211,180.50 |
| Reduction for travel time[6] | $12,183.75 |
| Reduction for work on collective action motion[7] | $11,676.45 |
| Reduction for clerical work[8] | $377.00 |
| Reduction for lowering hourly rate[9] | $14,840.35 |
| Subtotal = | $172,102.95 |
| Reduction for lack of billing judgment (5%)[10] | $8,605.15 |
| **Lodestar =** | **$163,497.80** |

---

[5] The $211,180.50 figure is from Plaintiffs' submitted billable hours for attorney's fees. (*See* Pl's Mot. For Attorney's Fees, Ex. B.) In some cases it is appropriate to calculate the recoverable attorney's fees by determining the amount of recoverable hours and then multiplying the rate by the number of hours. *See Shipes*, 987 F.2d at 319 (outlining the two-step process). In this case, however, because Plaintiffs' billable time sheet was over 60 pages and included thousands of time entries with 16 timekeepers, instead of re-calculating the lodestar from scratch, the Court starts with Plaintiffs' figure and reduces it as appropriate. *See Saizan*, 448 F.3d at 801 (affirming the trial court and noting that "the District Court reduced the award of attorney's fees in proportion to the difference between the initial prayer and the ultimate settlement amount"). In any event, the final result is the same.

[6] The reduction for travel time is based on the table of hours spent on travel time provided by Defendant (Dkt. No. 54, Ex. D), which was agreed to by Plaintiffs. (*See* Dkt. No. 57 at 17.) The calculation for the reduction for travel time is made by multiplying one half of the travel time for each timekeeper by the hourly rate for each timekeeper. Note that the hourly rate used for each timekeeper is the reduced hourly rate, at least for the three attorneys whose rate was decreased to $350.00/hr, as discussed above in this Order.

[7] The reduction for time spent on the collective action motion is made using the time entries identified by Plaintiffs (s*ee* Dkt. No. 57, Ex. F.) because Defendants provided no such list of time entries and the Court finds Plaintiffs' list is accurate. The dollar amount reduction is made by multiplying those hours by the adjusted hourly rates by the timekeepers. Further, some of the hours on Plaintiffs' list include travel time, which has already been reduced in half by the Court, so those hours were only discounted considering half the hours spent because the Court has already made part of the reduction.

[8] The calculation for reduction due to clerical work is explained above in this order. The adjusted hourly rates determined by the Court are used for this calculation.

[9] The calculation for the reduction due to the lowered hourly rate for David Showalter, Mark Wham, and Michael Smith is made by reducing the total recoverable attorney's fees by these three attorneys in accordance with the Court lowering the rate for these three attorneys to $350.00/hr. In this calculation, hours that have already been reduced due to travel time, clerical work, or work on the conditional certification were not included. The calculation for the reduction is performed by subtracting the fees obtained at a rate of $350.00/hr from the fees requested by Plaintiffs at Plaintiffs' requested rate (e.g., $500.00/hr for Michael Smith).

[10] This calculation was made by reducing the sub-total, after making the other reductions, by five percent.

As denoted in the table above, the lodestar is calculated to be $163,497.80. The Court realizes that this is approximately three times the total recovery of the plaintiffs of $57,775. But the Fifth Circuit has declined to adopt a rule of proportionality between damages and attorney's fees. *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000). Further, many courts have allowed the attorney's fees to be many times greater than the damages. *See, e.g.*, *Barfield v. N.Y. Health & Hosps. Corp.*, 537 F.3d 132, 139-40 (2d Cir. 2008) (awarding $49,889 in attorney's fees when the damages were only $1,774.50); *Hilton v. Executive Self Storage Assocs.*, No. H-06-2744, 2009 WL 1750121, at *1, *10 (S.D. Tex. June 18, 2009) (awarding $21.132.05 in attorney's fees for damages of $1,000).

### C. Adjusting the "Lodestar" Based on the *Johnson* Factors

The Court concludes that the lodestar calculated above is reasonable and does not need to be adjusted due to the *Johnson* factors. There are twelve *Johnson* factors.[11] The lodestar may be adjusted up or down depending on the *Johnson* factors. *Saizan*, 448 F.3d at 800. But there is a strong presumption of the reasonableness of the lodestar amount. *Id.* Of the *Johnson* factors, the court should give special heed to the amount involved and the result obtains, the time and labor involved, and the experience, reputation, and ability of counsel. *Id.* But the lodestar may not be adjusted due to a *Johnson* factor if the creation of the lodestar amount already took that factor into account; to do so would be double counting. *Id.*

Most of the *Johnson* factors were taken into account in calculating the lodestar, so the Court will not adjust the lodestar based on those factors. Several of the factors were inherently

---

[11] The twelve *Johnson* factors are: (1) the time a labor required to represent the client; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

considered when determining the appropriate hourly rate of the attorneys. Those factors include: the novelty and difficulty of the issues in the case; the skill required to perform the legal services properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; the experience, reputation, and ability of the attorneys; and the "undesirability" of the case. The first factor, the time and labor required to represent the client, was directly considered when determining the lodestar because the lodestar is calculated on the basis of the hours spent on the case. The eighth factor, the amount involved and the results obtained, has already been considered by the Court. The lodestar was adjusted based on the results obtained by not counting the hours spent on seeking conditional certification. Further, as noted above, the sole fact that the attorney's fee award is approximately three times the damages obtained does not make the award unreasonable.

In considering the four *Johnson* factors that were not taken into account in the lodestar analysis, the Court concludes none of these factors warrant an adjustment to the lodestar. The sixth factor, whether the fee is fixed or contingent, should not alter the lodestar. Although the plaintiff's counsel did have this case on a contingent fee, based on this Court's reason and experience, it is the Court's opinion that this case did not contain any inherent risk that is sufficient warrant an adjustment to the lodestar. The seventh factor, the time limitations imposed by the client, does not warrant altering the lodestar. This case proceeded approximately over a two year time period between when the lawsuit was filed and when it was settled. Two years is ample time for the attorneys on both sides to adequately represent their clients in this case, so no time limitation in this case warrants and adjustment to the lodestar. For essentially the same reasons, the eleventh factor, the nature and length of the professional relationship with the client, does not warrant an adjustment to the lodestar. Finally, the twelfth factor, awards in similar

cases, does not warrant the Court altering the lodestar. Other than affidavits of the attorneys for each party, the parties provide no evidence of awards in similar cases. This Court, however, based on its experience with FLSA cases, concludes that the recovery of $57,775 is not particularly low or high in comparison to awards in similar cases. Therefore, the twelfth factor does not warrant an adjustment to the lodestar.

Thus, the Court concludes that the lodestar calculated by the Court need not be altered based on the *Johnson* factors. Plaintiffs are awarded $163,497.80 in attorney's fees.

**D. Award of Costs**

The Court awards costs to the plaintiffs amounting to $8,163.12. Under Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the court directs otherwise. *See Energy Mgmt. Corp.*, 467 F.3d at 483. The court's discretion to award costs is generally limited to those items listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 allows the following costs: fees of the clerk and marshal, fees of the court reporter for all or any part of the stenographic transcript necessary obtains for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees, compensation of court-appointed experts, interpreters, and special interpretation services. *Mota v. Univ. of Tex. Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001).

| **Award of Costs** | |
|---|---:|
| Fees of the Clerk | $350.00 |
| Fees for service of summons and subpoena | $70.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $7,566.58 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for future use in the case | $176.54 |
| **Total =** | **$8,163.12** |

Defendant does not dispute any of Plaintiffs' costs.  Defendant only argues that Plaintiffs are not the prevailing party and thus cannot recover, but the Court rejects that argument as discussed above.  All of the costs Plaintiff lists are recoverable under Section 1920.  Therefore, the Court awards costs to Plaintiff of $8,163.12.

## IV.  CONCLUSION

The Court holds that Plaintiffs are the prevailing party for the purposes of the fee-shifting statute.  For the foregoing reasons, the Court hereby GRANTS-in-part Plaintiffs' motions and holds that Plaintiffs should recover $163,497.80 in attorney's fees and $8,163.12 in costs.

IT IS SO ORDERED.

SIGNED this 15th day of November, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE